IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HARRY JAMES CASCIO | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. RWT-09-1938 |
| STATE OF MARYLAND | * | |
| GOV'T OF BALTIMORE COUNTY | | |
| JUDGE NORRIS BYRNES (RETIRED) | * | |
| MS. KAREN JONES ESQUIRE | | |
| MR. JOE ASENSIO ESQUIRE | * | |
| Defendants. | | |

*****

## MEMORANDUM OPINION

Harry James Cascio ("Cascio"), a state inmate confined at the Maryland Correctional Training Center, filed a "Petition for Civil Suit for Monetary and Medical Compensation Due to Illegal Sentence Unlawful Imprisonment and Illegal Probation Period." (Paper No. 1). He claims that in September of 2005, his state court writ of habeas corpus for illegal sentence, unlawful imprisonment, and illegal probation period was "conceded" by the State's Attorney for Baltimore County and Circuit Court Judge Norris Byrnes. (Id.). Cascio appears to claim that he was illegally charged, sentenced, and confined in 2000 and 2003 for a cumulative two and one-half years on false violation of probation charges. (Id.). He later claims that he was illegally charged and sentenced on an "illegal" violation of probation ("VOP") in 2001 and again in 2004. Cascio seeks compensatory and punitive damages.

As Cascio is seeking damages for alleged constitutional violations, his "Petition" has been construed as a 42 U.S.C. § 1983 civil rights Complaint. The action shall, however, be dismissed without requiring service of process on Defendants.

This *pro se* matter is not a model of clarity. The Court is able to glean the following facts from the Complaint attachments. Cascio was convicted of undetermined offenses in April of 1988 and sentenced to an unspecified term which including five years probation upon release. He was released from confinement on July 11, 1994. Under Maryland law his probationary period expired in July of 1999. Cascion was, however, charged and convicted of probation violation on offenses that occurred after the expiration of his probation period.

In response to Cascio's state habeas corpus petition, on July 27, 2005, the state acknowledged that he "could not have had his probation violated for crimes which occurred in 2003, because that was beyond the maximum period of probation permitted by law." (Paper No. 1 at Attachment). Cascio states that in September of 2005 the state conceded to the merits of his habeas claims. Indeed, the state court docket confirms that on August 26, 2005, the motion for writ of habeas corpus for illegal sentence and unlawful imprisonment was granted. See State v. Cascio, Case Number 03K87000996 (Circuit Court for Baltimore County) (copy attached).

When enacting § 1983, Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. *See Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. *Id.* at 49; *Chardon v. Fumero Soto*, 462 U.S. 650, 655-656 (1983); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of action." *Wilson v. Garcia*, 471 U.S. 261, 271 (1985). Upon review of Maryland's limitations provisions, Maryland's

general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). The running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. *Id*. Here, at the latest, Cascio should have known of his injuries on August 26, 2005, when the Circuit Court for Baltimore County granted his habeas motion and terminated the balance of his sentence. Because he failed to file the instant Complaint until almost four years after accrual of the incident, it is clear that the statute of limitations now bars consideration of his claim.

The Court finds that the instant matter is subject to dismissal.[1] A separate order effecting the ruling made in this opinion is entered herewith.

September 2, 2009

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[1] Cascio has not submitted the civil filing fee. In light of the dismissal of the case he shall not be required to cure this deficiency.